18-1748
Manuel, et al. v. Pepsi-Cola Co.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of March, two thousand nineteen.

PRESENT: DENNIS JACOBS,
GUIDO CALABRESI,
   <u>Circuit Judges</u>,
JED S. RAKOFF,*
   <u>District Judge</u>.

- - - - - - - - - - - - - - - - - - - - -X
Elizabeth Manuel, on behalf of themselves,
all others similarly situated, and the general
public, Vivien Grossman, on behalf of themselves,
 all others similarly situated, and the general public,

   <u>Plaintiffs-Appellants</u>,

   -v.-                                                                          18-1748

---

* Judge Jed S. Rakoff, United States District Court for the Southern District of New York, sitting by designation.

**PEPSI-COLA COMPANY,**

          <u>Defendant-Appellee.</u>

- - - - - - - - - - - - - - - - - - - - -X

FOR PLAINTIFFS-APPELLANTS:        JACK FITZGERALD, The Law Office of Jack Fitzgerald, PC, San Diego, CA (Trevor M. Flynn, Melanie Persinger, The Law Office of Jack Fitzgerald, PC, San Diego, CA; Abraham Z. Melamed, Derek Smith Law Group, PLLC, New York, NY; John K. Weston, Sacks Weston Diamond LLC, Philadelphia, PA, <u>on the brief</u>).

FOR DEFENDANT-APPELLEE:        ANDREW S. TULUMELLO, Gibson, Dunn & Crutcher LLP, Washington, D.C. (Chantale Fiebig, Gibson, Dunn & Crutcher LLP, Washington, D.C., <u>on the brief</u>).

       Appeal from a judgment of the United States District Court for the Southern District of New York (Engelmayer, <u>J.</u>).

       **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

       Plaintiffs Elizabeth Manuel and Vivien Grossman, on behalf of themselves and all others similarly situated, appeal from a May 17, 2018 order granting Defendant Pepsi-Cola Company's motion to dismiss. The complaint alleged that the use of the word "diet" to market Diet Pepsi is false or misleading because it implies that the beverage will assist in weight loss. Unlike Pepsi-Cola, which is sweetened with sugar, Diet Pepsi is sweetened with non-nutritive sweeteners which, Plaintiffs allege, "interfere with the body's ability to properly metabolize calories, leading to weight gain," among other things. App'x 10. On appeal, Plaintiffs argue that the district court erred by (1) holding that the complaint failed to state a claim and (2) failing to provide

leave to amend the complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews de novo a dismissal of a complaint for failure to state a claim upon which relief may be granted. Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

Denial of leave to amend is reviewed for abuse of discretion. See Holmes v. Grubman, 568 F.3d 329, 334 (2d Cir. 2009). Although "[a] court should freely give leave [to amend] where justice so requires," Fed.R.Civ.P. 15(a)(2), this "must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause." Holmes, 568 F.3d at 334–35 (citation and internal quotation marks omitted); see also Fed.R.Civ.P. 16(b)(4).

1. Plaintiffs argue that, in the time since Diet Pepsi was introduced in 1963, research has demonstrated that non-nutritive sweeteners likely cause weight gain and that the use of the word "diet" has therefore become misleading.[1] But even assuming (without deciding) that a reasonable consumer would understand the word "diet" to connote a weight-loss product, Plaintiffs cannot state a claim. The studies cited by the complaint establish, at most, that people who drink beverages containing non-nutritive sweeteners continue to gain weight. None of the studies purports to establish a causal

---

[1] Whether a once-accurate term that has become inaccurate gives rise to a false advertising claim would be a question of New York law if, as the district court concluded, the Nutrition Labeling and Education Act does not preempt applicable state law. But we deem it inappropriate to reach the complex question of whether the NLEA in fact preempts New York law. Accordingly, as this case is before us today, the above state law question is not "determinative," and thus under the New York State Court of Appeals Rules of Practice certification is unavailable. 22 N.Y.C.C.R. § 500.27(a); cf. Joseph v. Athanasopoulos, 648 F.3d 58, 67–68 (2d Cir. 2011) ("[T]he answer to the question we certify will fully resolve our disposition of this appeal.").

relationship between non-nutritive sweeteners and weight gain to a degree that is sufficiently strong. Therefore, Plaintiffs cannot raise a plausible inference that the use of the word "diet" is false, inaccurate, or misleading. Accordingly, the district court properly dismissed the complaint.

**2.** Plaintiffs contend that the court should have allowed an opportunity to amend before it dismissed the first amended complaint with prejudice on May 17, 2018. But the court entered a civil case management plan and scheduling order on February 2, 2018, providing that "[a]ny motion to amend . . . shall be filed within 30 days from the date of this Order." App'x 6. Plaintiffs made no further request to amend. In the absence of any indication that Plaintiffs intended to amend or could provide additional allegations that would withstand a motion to dismiss, the court did not err in dismissing the complaint with prejudice. "[N]o court can be said to have erred in failing to grant a request that was not made." Gallop v. Cheney, 642 F.3d 364, 369 (2d Cir. 2011).

In any event, Plaintiffs have not shown good cause to modify the court's scheduling order to adduce studies that predate the original complaint, and the only other proposed amendment is the inclusion of an April 2018 consumer survey referenced in a complaint that was recently dismissed in the Northern District of California. See Becerra v. Dr Pepper/Seven Up, Inc., No. 17-cv-05921 (WHO), 2018 WL 3995832, at *6–*7 (N.D. Cal. Aug. 21, 2018), appeal docketed, no. 18-16721 (9th Cir. Sep. 12, 2018). That survey does not render Plaintiffs' allegations any more plausible since we find the complaint wanting, even assuming that consumers believe "diet" connotes weight loss. Accordingly, the amendment would be futile.

We have considered the Plaintiffs' remaining arguments and find them to be without merit. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4